UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-                                                      1:02-CR-95
                                                                        (LEK)

FRANTZ BISSAINTHE,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

On June 21, 2005, the Second Circuit remanded this case pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), to provide the district court with an opportunity to determine whether it would have sentenced Defendant Frantz Bissainthe ("Defendant") differently in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). The Second Circuit's decision in this case does not direct the Court to vacate the prior sentence and resentence Defendant. Instead, if after consideration of all the factors listed in 18 U.S.C. § 3553(a) and treating the United States Sentencing Guidelines as advisory, the Court finds that it would have imposed a materially different sentence, resentencing of Defendant is required. <u>Crosby</u>, 397 F.3d at 120.

On March 15, 2002, Defendant knowingly and unlawfully entered and attempted to enter the United States near Champlain, New York after having been previously deported from the United States following a conviction for an aggravated felony. As a result, he was charged in a single count indictment with a violation of 8 U.S.C. § 1326(a) and (b)(2). Indictment (Dkt. No. 1). Defendant pled guilty to this charge on June 11, 2002. Plea Minute Entry (Dkt. No. 9). At

1

Defendant's March 4, 2003 sentencing, the Court adopted the factual findings and Guidelines application as stated in the Presentence Investigation Report, which found that Defendant's criminal history category was V and his total offense level was 21, providing a Sentencing Guidelines range of seventy to eighty-seven months.  Sentencing Minute Entry (Dkt. No. 20).  The Court sentenced Defendant to seventy months imprisonment followed by three years of supervised release.  Judgment (Dkt. No. 21).

The Government and Defendant submitted sentencing memoranda subsequent to the remand by the Second Circuit.  Defendant contends that he should be resentenced because the Court abused its discretion in refusing to grant Defendant a downward departure.  Def. Memo. (Dkt. No. 33) at 6.  The Government opposes this request.  U.S. Memo. (Dkt. No. 32).

The Court has reviewed those submissions, along with the original judgment, the plea agreement, and the original presentence report.  In addition, the Court has reviewed <u>Booker</u> and <u>Crosby</u> and has considered all the sentencing factors listed in 18 U.S.C. § 3553(a), while keeping in mind that the United States Sentencing Guidelines are now advisory.

Whether the Guidelines are advisory or not, the Court sees no basis to modify the original sentence.  The Court has reviewed all the factors under 18 U.S.C. § 3553(a) and would not change Defendant's original sentence in any respect.  In light of all the facts, the Court finds that the sentence of seventy months imprisonment followed by three years of supervised release is a reasonable one and declines to resentence in light of <u>Booker</u> and <u>Crosby</u>.

Therefore, Defendant's motion for a resentencing is denied.  Pursuant to <u>Crosby</u>, the Court declines to modify or change the original sentence and states that the sentence imposed in

this case on March 4, 2003 would be imposed now under the principles enunciated in Booker.

Accordingly, it is hereby

ORDERED that Defendant's application for resentencing in light of United States v. Booker, 125 S.Ct. 738 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:   September 20, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3